**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GEORGE LESLIE VONTRESS,

    Plaintiff,

v.

D.W. NEVENS et al.,

    Defendants.

2:15-cv-060-JAD-GWF

**ORDER DISMISSING CASE**

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. On May 19, 2015, this court issued an order dismissing the entire complaint with leave to amend and directed plaintiff to file an amended complaint by June 18, 2015. (Doc. 4 at 9). The deadline has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

1  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
2  their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
3  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
4  *Ghazali*, 46 F.3d at 53.

5  In the instant case, the court finds that the first two factors, the public's interest in
6  expeditiously resolving this litigation and the court's interest in managing the docket, weigh in
7  favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
8  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
9  filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542
10 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases
11 on their merits – is greatly outweighed by the factors in favor of dismissal.  Finally, a court's
12 warning to a party that his failure to obey the court's order will result in dismissal satisfies the
13 "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at
14 132-33; *Henderson*, 779 F.2d at 1424.  The court's order requiring Plaintiff to file an amended
15 complaint by June 18, 2015, expressly stated: "If plaintiff fails to file an amended complaint
16 curing the deficiencies outlined in this order, this action will be dismissed without prejudice."
17 (Doc. 4 at 9).  Thus, plaintiff had adequate warning that dismissal would result from his
18 noncompliance with the court's order to file an amended complaint by June 18, 2015.

19 It is THEREFORE ORDERED that this action is **DISMISSED without prejudice** based
20 on Plaintiff's failure to file an amended complaint in compliance with this court's May 19, 2015,
21 order.

22 It is FURTHER ORDERED that the motion to proceed *in forma pauperis* (**Doc. 1**) **is**
23 **DENIED** as moot.

24 The Clerk of Court shall enter judgment accordingly.
25 Dated: June 23, 2015.

26
27 _____
28 UNITED STATES DISTRICT JUDGE