UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GEORGE LESLIE VONTRESS,

    Plaintiff,

v.

D.W. NEVENS et al.,

    Defendants.

Case No. 2:15-cv-60-JAD-GWF

**Order Granting Reconsideration and Reopening Case**
[#9]

I.     **DISCUSSION**

On May 19, 2015, this court entered a screening order dismissing plaintiff's complaint in its entirety, without prejudice and with leave to amend. Doc. 4 at 9. The court granted plaintiff until June 18, 2015 to file an amended complaint and warned that it would dismiss the case if plaintiff did not timely file the amended complaint. *Id.*

On June 23, 2015, this court entered an order dismissing the case without prejudice because plaintiff had not filed an amended complaint in compliance with this court's May 19, 2015 order. Doc. 7 at 2. The Clerk of Court entered judgment that same day. Doc. 8.

On July 2, 2015, plaintiff filed a motion for reconsideration. Doc. 9. He states that he did file a first amended complaint and had handed it to the law librarian for mailing on June 12, 2015, and that this court docketed the first amended complaint on June 19, 2015. Doc. 9 at 1-2.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A

motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff has demonstrated that reconsideration is warranted in this case. Based on the docket sheet, it appears that the docket clerk entered the receipt of plaintiff's first amended complaint on June 23, 2015, at the same time that the clerk also entered the dismissal order stating that plaintiff did not file a first amended complaint. *See* Docket Entries 6, 7. However, because the court had actually received the first amended complaint on June 19, 2015, the docket clerk entered that date as the date the first amended complaint was filed. *See* Docket Entry 6. The court was unable to see that plaintiff had in fact filed an amended complaint because the docket clerk simultaneously filed that document when filing the dismissal order. Accordingly, the court finds that it committed clear error in entering its dismissal order and now reopens this case. The court will screen the first amended complaint in a separate order.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the motion for reconsideration **[Doc. 9] is granted**.

IT IS FURTHER ORDERED that the dismissal order **[Doc. 7]** and clerk's judgment **[Doc. 8] are vacated**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **reopen this case**.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[Doc. 1] is reinstated** and is the operative application to proceed *in forma pauperis* in this case.

IT IS FURTHER ORDERED that this court will screen the first amended complaint [Doc. 6] in a separate order at a later date.

DATED this 8th day of July, 2015.

_____
Jennifer Dorsey
United States District Judge